Maynard v. State.

## SAMUEL MAYNARD v. THE STATE.

1. OFFICE AND OFFICER. *Forfeiture of fees by officers. When.* In cases where the Legislature has made the performance of any duty pertaining to an office, a condition upon which fees or salaries are to be paid, the officer is not entitled to demand his fees until such duties are performed.

2. SAME. *Clerks of Circuit Court.* Clerks of Circuit Court shall forfeit their costs, as provided in Section 5242 and sub-secs. 6 and 7 of Code. Code cited: Section 5242, sub-secs. 6 and 7.

---

### FROM WEAKLEY.

---

Appeal from the Circuit Court. Jos. R. HAWKINS, Judge.

M. D. CARDWELL and C. M. EWING for Maynard.

ATTORNEY-GENERAL HEISKELL for the State.

TURNEY, J., delivered the opinion of the court.

On the 21st of February, 1877, the jury was placed in charge of J. F. Smith, deputy sheriff, "who was sworn to keep them together and separate and apart from all other citizens." This oath is not as required by law, as held in *Duncan* v. *The State*, and several subsequent cases. It is insisted, however, that the deputy sheriff was an officer of the court, and no official oath was necessary for him.

15—VOL. 9.

Maynard *v.* State.

The law makes no distinction in favor of sheriffs as against constables or other officers, and we can make none.

There is nothing in the office or oath of office to authorize the distinction contended for, and we can see no reason why the same bad results may not flow from a failure to impose the same strict, sworn duties upon a sheriff or deputy, as upon another to whose charge a jury may be committed.

We are not prepared to subscribe to the doctrine of the Louisiana and Virginia cases on this question, nor do we know the statutes and rules of practice in those States as to the powers and duties of sheriffs and the care of juries in criminal cases.

The *venire* is proven neither directly nor circumstantially.

Reverse the judgment.

NOTE.—The Attorney-General in this case stated that he had requested the several district-attorneys to see that the entry of *respite* should be in general terms, "that the jury returned in charge of an officer duly sworn." In consequence of the defect in this case, he moved to cut off the clerk's cost, which was done, and he announced that he would uniformly insist on forfeiture of cost of clerks whenever they attempted to make this entry in form and failed to make it in full. The entry in the form suggested, returned under an officer duly sworn, can hardly be mistaken or missed.